UNITED STATES of America, Appellee,

v.

SIX THOUSAND SEVEN HUNDRED DOLLARS ($6,700.00) IN UNITED STATES CURRENCY, Defendant, Appellee.

Appeal of John H. NAFFKE, Jr., etc.

No. 79–1326.

United States Court of Appeals, First Circuit.

Argued Dec. 3, 1979.

Decided Feb. 14, 1980.

George S. Reynolds, III, Tallahassee, Fla., with whom Harry H. Mitchell, Tallahassee, Fla., was on brief, for appellant.

Ramond L. Walker Merino, Asst. U. S. Atty., Hato Rey, P. R., with whom Jose A. Quiles, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is an appeal from the district court's judgment ordering that $6,700 transported into the United States in violation of 31 U.S.C. § 1101(a) be forfeited to the government in accordance with 31 U.S.C. § 1102(a).

On February 27, 1977, Raymond Carl Naffke entered the United States with $6,700. As he failed to file the report re-

quired by 31 U.S.C. § 1101(a),[1] the money was rendered subject to forfeiture under 31 U.S.C. § 1102(a).[2] Customs officers seized the money, and the United States instituted forfeiture proceedings by filing a complaint for forfeiture. The estate of John H. Naffke filed an answer claiming entitlement to the $6,700. The answer admitted that Raymond Naffke, who is one of the two co-administrators of the estate of his father John H. Naffke, had transported the $6,700 into the United States and had failed to file the required report. The answer denied that the $6,700 was subject to forfeiture, however, the theory being the $6,700 had been embezzled from the estate and the estate, an innocent party, should not be penalized. The answer alleged the following:

"The liquid assets of the estate [of John H. Naffke] were deposited in an estate account which should have required the signature of both John Naffke, Jr. [the other co-administrator] and Raymond Carl Naffke, for withdrawals, but through error did not.

"2. On February 3 and 4, 1977, Raymond Carl Naffke embezzled $14,900.00 from the Estate of John H. Naffke by writing a check on said account without the co-signature of his co-personal representative, John H. Naffke, Jr., and went to South America. . . .

. . . . . .

"4. The $6,700.00 seized is the remainder of the $14,900.00 embezzled . . . there being no other source from which Raymond Carl Naffke could obtain funds as he was unemployed without any visible means of support." .

The government thereafter moved for judgment on the pleadings and/or summary judgment. Well after the ten days for response provided by local rule[3] had expired and the estate had filed no opposition the court granted the government's motion and ordered forfeiture.

The estate argues the transportation of the $6,700 was not within the terms of 31 U.S.C. § 1101(a) and therefore that the currency was not subject to forfeiture under 31 U.S.C. § 1102(a). Section 1101(a) provides that reports must be filed by "whoever, whether as principal, agent, or bailee, or by an agent or bailee, knowingly . . . transports or causes to be transported monetary instruments . . . ." The estate contends the transportation by Raymond Naffke is not covered by the statute because he, an embezzler, had acquired no legal ownership or possessory interest and therefore was neither a "principal, agent, or bailee." Nor, it argues, can the estate be said to have "knowingly . . . transport[ed]" or "cause[d] to be transported monetary instruments" within the meaning of 31 U.S.C. § 1101(a) since it did not authorize the transaction and was not even aware of it.

1. 31 U.S.C. § 1101(a) provides,
   "(a) Except as provided in subsection (c) of this section, whoever, whether as principal, agent, or bailee, or by an agent or bailee, knowingly—
   (1) transports or causes to be transported monetary instruments—
   (A) from any place within the United States to or through any place outside the United States, or
   (B) to any place within the United States from or through any place outside the United States

   . . . . . .

   in an amount exceeding $5,000 on any one occasion shall file a report or reports in accordance with subsection (b) of this section."

2. 31 U.S.C. § 1102(a) provides,
   "(a) Any monetary instruments which are in the process of any transportation with respect to which any report required to be filed under section 1101(a) of this title either has not been filed or contains material omissions or misstatements are subject to seizure and forfeiture to the United States."

3. Rule 8F of the Rules of the United States District Court for the District of Puerto Rico provides in material part:
   "If the respondent opposes a motion, he shall file his response, including brief and such supporting documents as are then available, within ten days after service of the motion."
   Rule 8I provides,
   "If no response to a motion including brief, is filed within ten days . . . . the motion shall be considered and decided without a hearing, unless otherwise ordered by the Court."

█ We disagree with the estate's restrictive interpretation of 31 U.S.C. § 1101(a). We cannot conceive that the phrase "whether as principal, agent, or bailee" was meant to restrict the broad term "whoever" so as to exempt a thief from the reporting requirements. Such an interpretation flies in the face of the concern expressed in the legislative history over "American criminal elements [who] have been taking or sending currency out of the United States either in furtherance of a criminal activity or for deposit in a secret foreign haven." H.R. Report No. 91–975, *reprinted in* 1970 U.S.Code Cong. & Admin. News, pp. 4394, 4398.

The estate, while recognizing that Congress has the authority to provide for the forfeiture of an innocent party's property, *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–90, 94 S.Ct. 2080, 2090–2095, 40 L.Ed.2d 452 (1974), argues that statutes should be construed to avoid such an unjust result wherever possible. The forfeiture provisions here are straightforward and do not allow the liberalized construction the estate urges. Section 1101(a) specifies the persons required to file a report and section 1102(a) subjects to forfeiture any monetary instruments for which a required report has not been filed; forfeiture is not tied to or dependent upon the wrongdoing of the owner of the monetary instruments.

█ To be sure, there may be a subclass of innocent persons to whom forfeiture provisions constitutionally cannot be applied, but the estate's answer failed to allege sufficient facts to bring the estate within that subclass. The contours of that subclass were discussed in *Pearson Yacht, supra*, 416 U.S. at 689–90, 94 S.Ct. at 2094–95, where the Supreme Court stated,

"It . . . has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken

from him without his privity or consent. . . . [T]he same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive." [Footnote omitted.]

The Court noted that some purpose was served, however, by the application of forfeiture provisions to lessors, such as Pearson Yacht, who are innocent of any wrongdoing but who have leased their property to one who subsequently uses it for unlawful purposes, for "confiscation may have the desirable effect of inducing them to exercise greater care in transferring possession of their property." *Id.* at 688, 94 S.Ct. at 2094. As Pearson Yacht Leasing Co. had "voluntarily entrusted" possession of the yacht to those who used it for unlawful purposes and had neither alleged nor proven that it had done "all that it reasonably could to avoid having its property put to an unlawful use," it was not within the subclass of innocents to whom the forfeiture statutes arguably may not be constitutionally applied. *Id.* at 690, 94 S.Ct. at 2095. The same is true here. The estate's answer acknowledged that the alleged embezzlement was made possible because of an error[4] in setting up an estate account which did not require the signatures of both co-administrators for withdrawal. These purported facts are inconsistent with the estate's having done "all that it reasonably could to avoid having its property put to an unlawful use," and hence no genuine issue as to whether the estate was an innocent party whose property constitutionally could not be subject to forfeiture was presented.[5]

█ We reject the estate's argument that only the amount in excess of $5,000 is

4. There is no allegation the error was the result of fraud.

5. We note that 31 U.S.C. § 1104 provides that the "Secretary may in his discretion remit any

forfeiture . . . upon such terms and conditions as he deems reasonable and just." We express no opinion whether this is an appropriate case for a remission proceeding.

forfeitable. While 31 U.S.C. § 1101(a) only requires sums in excess of $5,000 to be reported, section 1102(a) subjects to forfeiture "[a]ny monetary instruments [emphasis added]" for which a required report has not been filed. By the plain language of the statute the entire sum may be forfeited if the required report is not filed. *United States v. One 1964 MG, Serial No. 64GHN 3L34408*, 584 F.2d 889, 891 (9th Cir. 1978); *Ivers v. United States*, 581 F.2d 1362, 1373–74 (9th Cir. 1978); *United States v. $11,580*, 454 F.Supp. 376, 382–83 (M.D.Fla.1978).

*The judgment of the district court is affirmed.*