**UNITED STATES of America, Appellee,**

**v.**

**Jaime GOMEZ, Defendant, Appellant.**

**No. 84–1925.**

United States Court of Appeals,
First Circuit.

Argued June 6, 1985.

Decided Aug. 22, 1985.

Kirk Y. Griffin, Boston, Mass., with whom Karin M. Welker, Jamaica Plain, Mass., Law Offices of Kirk Y. Griffin, Boston, Mass., and Charles J. Rogers, Jr., Providence, R.I., were on brief, for defendant, appellant.

James H. Leavey, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before BOWNES, RUBIN * and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Appellant Jaime L. Gómez was convicted of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of imprisonment of seven years and a ten-year special parole term. The main issue here is whether the district court erred in denying appellant's motion to suppress. We affirm.

Prior to trial, appellant moved to suppress evidence seized by law enforcement officers from an apartment that he had leased. Appellant stipulated to the court that he did not reside in or occupy the premises searched but rather relied on his being the technical lessor thereof. He did not, however, offer additional evidence to support his claim of "standing" to contest the search. The government argued that the burden was on the defendant to establish that his own fourth amendment rights had been violated. The prosecutor also questioned the adequacy of the evidence before the court alleging that Gómez' disclaimer of occupancy in the premises defeated any claim of "standing" appellant might have. The district court denied the motion to suppress for lack of "standing" noting that appellant had not made any effort to sustain his burden on that issue.

During trial appellant again objected to the introduction of the evidence seized by the police. Appellant argued that the government had shown in its case-in-chief that the defendant did have "standing" to challenge the search and seizure on fourth amendment grounds. Indeed, the government had argued during trial that appellant exercised dominion and control over the searched premises and was, therefore, in actual or constructive possession of the cocaine found therein. In its closing argument the government also asked the jury to reject appellant's contention that he lived elsewhere, and to conclude instead that he lived on the premises where the cocaine had been seized. The district court overruled Gómez' objection. On appeal, Gómez first argues that on the basis of the government's case-in-chief he should have been allowed "standing" at mid-trial to challenge the admissibility of the evidence on fourth amendment grounds.

* Of the Fifth Circuit, sitting by designation.

■ A criminal defendant's right to challenge the admissibility of evidence on fourth amendment grounds depends on whether that defendant had a reasonable expectation of privacy in the area searched, in relation to the items seized. *Rakas v. Illinois*, 439 U.S. 128, 140–50, 99 S.Ct. 421, 428–434, 58 L.Ed.2d 387 (1978); *United States v. Lochan*, 674 F.2d 960, 963 (1st Cir.1982).[1] The burden of persuasion on this issue is placed squarely on the movant. *Rakas v. Illinois, supra,* 439 U.S. at 130 n. 1, 99 S.Ct. at 424 n. 1; *United States v. Goshorn*, 628 F.2d 697, 701 (1st Cir.1980). Like all grounds offered in support of suppression motions, this burden must be met prior to trial, as required by Fed.R.Crim.P. 12(b)(3).

■ The rationale usually given for removing suppression questions from the trial itself is that "interrupt[ing] the course of the trial for such auxiliary inquiries impedes the momentum of the main proceeding and breaks the continuity of the jury's attention." *Nardone v. United States*, 308 U.S. 338, 342, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939). In applying this rule, we are "dealing with carrying out an important social policy and not a narrow, finicky procedural requirement." *Jones v. United States*, 362 U.S. 257, 264, 80 S.Ct. 725, 732, 4 L.Ed.2d 697 (1960), overruled on other grounds, *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *see also United States v. Farnkoff*, 535 F.2d 661, 663 (1st Cir.1978). Therefore, failure to comply with the requirements of Fed.R.Crim.P. 12(b)(3) operates as a waiver to challenge the subsequent admission of the evidence during trial, unless the district court grants relief for good cause shown. Fed.R.Crim.P. 12(f). The decision to grant or deny relief under Fed. R.Crim.P. 12(f) is committed to the sound discretion of the trial court and should not be disturbed on appeal absent a showing of abuse. *Id.* at 664. We cannot conclude that such abuse was committed in this case.

■ As noted above, it was appellant, not the government, who had the burden of establishing before trial that his fourth amendment rights had been violated. An essential element of this burden required his establishing standing to challenge the search. Despite this burden, appellant did not present evidence on this issue other than the stipulation.

The failure to present evidence at the time required by Fed.R.Crim.P. 12(b)(3) was appellant's failure, not the government's. *See United States v. Miller*, 636 F.2d 850, 854 (1st Cir.1980) (per curiam). Indeed, the district judge gave appellant ample opportunity before trial to meet his burden in this respect. *United States v. Lochan, supra,* at 965. Moreover, as the district judge noted, the evidence presented by the government during its case-in-chief, and which according to appellant showed he had "standing," was equally available to the defendant and known to defense counsel at the time of the hearing on the motion to suppress. Thus, there was no showing that the information the defendant needed to successfully show a violation of his fourth amendment rights was not available on time for the pretrial hearing on his suppression motion. *United States v. Grandmont*, 680 F.2d 867, 872–73 (1st Cir. 1982).

Finally, appellant offered no legitimate explanation or excuse for his failure to present evidence at the suppression hearing. *United States v. Davis*, 663 F.2d 824, 831 (9th Cir.1981). He simply argues that it was improper for the government to have relied on the defendant's disclaimer of possession to attack his standing before trial, yet have presented during trial evidence of the defendant's possession to prove guilt. We disagree.

---

**1.** "This inquiry is often referred to as a 'standing' issue, although it is not an inquiry that serves the function of traditional standing doctrine, which is to enable a federal court to determine whether there is such case or controversy that it may take jurisdiction of under Article III." *United States v. Lochan*, 674 F.2d at 963 n. 4. *See* Wright, *Federal Practice and Procedure: Criminal 2d* § 674 p. 771.

The Supreme Court has made it clear that persons in possession of goods seized during an illegal search have not necessarily been subjected to a fourth amendment deprivation. *United States v. Salvucci,* 448 U.S. 83, 91, 100 S.Ct. 2547, 2552, 65 L.Ed.2d 619 (1979). Indeed, the fourth amendment protects legitimate privacy expectations. *Rakas v. Illinois, supra,* 439 U.S. at 143, 99 S.Ct. at 430. Therefore, it is possible for prosecutors to assert that a defendant had a *possessory* interest in goods seized yet had not had any *privacy* expectation invaded. *United States v. Salvucci, supra,* 100 U.S. at 90, 100 S.Ct. at 2552. Since the burden of establishing privacy expectations rests on the defendant, *Rakas v. Illinois, supra,* 439 U.S. at 130 n. 1, 99 S.Ct. at 424 n. 1; *United States v. Dall,* 608 F.2d 910, 914 (1st Cir.1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1280, 63 L.Ed.2d 603 (1980), it is likewise proper for the government to: (1) argue at suppression hearings before trial that a defendant has not established a legitimate *expectation of privacy* in his favor; and (2) subsequently during trial present evidence of that defendant's *possessory interest* in goods seized in places where he has no expectation of privacy. *See Steagald v. United States,* 451 U.S. 204, 209, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38 (1981) (government initially entitled to defend against a defendant's charge of an unlawful search by asserting that the defendant lacks a reasonable expectation of privacy). This view is consistent with congressional policy favoring the resolution before trial of problems unrelated to guilt. *See* Advisory Committee's Notes to Rule 12(b)(3), quoting *Jones v. United States, supra,* 362 U.S. at 264, 80 S.Ct. at 732, to the effect that said Rule is designed *"to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt."* (Emphasis in original). Thus, appellant here cannot complain that prosecutors challenged before trial his disclaimer of possession as an insufficient showing of "standing", a question not related to defendant's guilt, *Rakas v. Illinois, supra,* 439 U.S. at 137, 99 S.Ct. at 427, yet during trial presented evidence of the defendant's possession to prove guilt.[2]

In view of the foregoing, the district court did not abuse its discretion under Fed.R.Crim.P. 12(f) by declining to reconsider during the government's case-in-chief the pretrial denial of defendant's suppression motion.

■ Appellant also argues that the evidence considered by the district court at the pretrial suppression hearing was sufficient to show a legitimate expectation of privacy. The following factors are relevant to a privacy expectation: possession or ownership of the area searched or the property seized; prior use of the area searched or the property seized; legitimate presence in the area searched; ability to control or exclude others' use of the property; and a subjective expectation of privacy. *United States v. Lochan, supra,* at 965. Application of these standards fails to support appellant's claim.

First, the only evidence before the court at the pretrial suppression hearing was that even though the defendant was the lessee of the apartment searched, he was living elsewhere, had not lived in the premises for four months prior to the search, and, finally, that the one living in the premises was his brother. Thus, there was no evidence that appellant had possession or control of the premises. Nor did Gómez

---

**2.** Appellant claims his argument is buttressed by *United States v. Morales,* 737 F.2d 761 (8th Cir. 1984). In *Morales,* prosecutors were denied on appeal the opportunity to challenge the defendant's standing to contest a search on fourth amendment grounds. It was on appeal, however, that prosecutors had raised for the first time the issue of the defendant's legitimate expectation of privacy. *Id.* at 763. Thus, the government in *Morales* lost its right to attack "standing" on appeal partly because of the untimeliness with which it had raised the issue during the litigation. *Id.* at 763–64. Here, by contrast, prosecutors raised the issue of "standing" prior to trial. Accordingly, even if we were to adopt *Morales,* the government in the instant case would not have forfeited its right to attack appellant's "standing" for failure to raise the issue in a timely fashion.

provide evidence of his ability to exclude others from use of the property or that he personally used or had direct access to the premises searched. *See, generally, United States v. Jeffers,* 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); *United States v. Ochs,* 595 F.2d 1247, 1253 (2d Cir.), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979); *see also United States v. Dall, supra,* at 915. Second, appellant did not provide any evidence that he had a subjective expectation of privacy in the area searched. Finally, appellant failed to show during the pretrial hearing any interest in the evidence seized. *United States v. Lochan, supra,* at 965.

In sum, the defendant clearly failed to sustain his burden of proving a legitimate expectation of privacy. The district court correctly denied appellant's pretrial motion to suppress.

*Affirmed.*