**Jose E. CARDONA DEL TORO, d/b/a Tortuguero Motors, Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 90–2450(PG).**

United States District Court, D. Puerto Rico.

May 21, 1992.

Emilio F. Soler, Santurce, P.R., for plaintiffs.

John E. Mudd, Old San Juan, P.R., Miguel A. Fernández, Asst. U.S. Atty., Hato Rey, P.R., Edna C. Rosario, Dept. of Justice, Com. of P.R., San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff in this case alleges that the defendants illegally seized several automobiles from his auto sales lot, thereby violating his Constitutional rights and causing him economic loss. He therefore seeks damages under the Federal Tort Claims Act, 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff further seeks to have the automobiles replevied to him pursuant to Fed.R.Crim.P. 41(e). At this juncture, the defendants have moved for a dismissal or summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) or 56(c).

### I. Statement of Material Facts

Throughout 1988, plaintiff, allegedly relying on seemingly valid titles, purchased nine Mercedes Benz automobiles from Mr. Frank Del Rey, a Florida car salesman.

Plaintiff thereafter resold six of these automobiles to residents of this Commonwealth.

On or about November 1988, F.B.I. and Commonwealth police agents arrived at Tortuguero Motors, plaintiff's automobile dealership, for the purpose of investigating a tip that a stolen vehicle was present at said site. What transpired next is in controversy.

According to plaintiff,[1] F.B.I. agent Francisco Rivera and two Commonwealth police agents entered and remained in the premises without a warrant. Without obtaining plaintiff's consent, they requested that he deliver a Mercedes Benz for search and inspection. Plaintiff told them that he obtained said vehicle from Mr. Del Rey in Florida. Thereafter, the agents ordered plaintiff to surrender all other vehicles bought from Mr. Del Rey. After searching two other Mercedes Benzes, the agents removed the three vehicles from the lot without plaintiff's consent. The agents failed to give plaintiff a receipt despite his repeated requests.

The F.B.I. offers a distinct version of the facts. According to F.B.I. agent Gabriel Maldonado,[2] after the agents discovered that one of the Mercedes Benzes had an altered identification number, they obtained plaintiff's consent to remove the three cars from the lot.

On December 2, 1988, an examination conducted at the F.B.I. offices revealed that the other two vehicles had altered identification numbers. Further investigation revealed that they had been stolen in Florida. Plaintiff was thereafter requested to appear at the local F.B.I. offices. At the F.B.I.'s request, plaintiff gave information on Mr. Frank Del Rey and also gave the names of the six clients to whom he sold the vehicles. Subsequently, the other six Mercedes Benzes were seized by the F.B.I. from plaintiff's clients. As of early 1991, eight of them had been turned over to the original owners' claim adjustors and the ninth one was in the process thereof.[3]

## II. Discussion

Summary judgment is appropriate where "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). However, if a plaintiff fails to plead a cause of action for which relief may be granted a court may dismiss the claim pursuant to Fed.R.Civ.P. 12(b)(6) without entering into the merits of the case. For purposes of this latter course of action, the court must deem the plaintiff's factual allegations as being a true and accurate account of the facts of the case. *See Berkowitz v. United States*, 486 U.S. 531, 540, 108 S.Ct. 1954, 1960, 100 L.Ed.2d 531 (1988).

A district court has broad discretion in deciding whether to treat a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment. *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir.1990). Even though supplementary materials are filed by the parties, the Court need not take cognizance of them. *Garita Hotel Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 18–19 (1st Cir.1992). Employing its discretion, a court may thus, when faced with multiple causes of action, decide to treat some claims under a summary judgment standard and others under a motion to dismiss standard.

At this stage in the present proceedings, the parties have had ample time to present all materials relevant to a motion under Rule 56(c). Hence, this Court will not be reluctant in using said materials to treat any individual cause of action under the summary judgment standard if it deems it appropriate to do so. *Cf. Garita Hotel*, 958 F.2d at 19.

### A. Claim for return of the automobiles

In *Calero–Toledo v. Pearson Yacht Leasing Co.*,[4] plaintiff was the lessor of a

---

1. *See* Sworn Statement of Plaintiff José Cardona Del Toro.

2. *See* Defendants' Exhibit A.

3. *See* Defendants' Exhibit A.

4. 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

yacht which was seized and forfeited to the Commonwealth of Puerto Rico due to his lessee's transport of controlled substances aboard it. Plaintiff argued that the application of the Puerto Rico forfeiture statute [5] to him was unconstitutional for he was neither involved with the lessee nor aware of his acts. The Supreme Court disagreed, holding that a forfeiture statute is not rendered unconstitutional simply because an innocent owner is deprived of property without just compensation. As its rationale for such holding the Court stated:

> To the extent that such forfeiture provisions are applied to lessors, bailors, or secured creditors who are innocent of any wrongdoing, confiscation may have the desirable effect of inducing them to exercise greater care in transferring possession of their property.

*Id.* at 687–88, 94 S.Ct. at 2094. The Court however stated that it would likely be unconstitutional to apply a forfeiture statute to an owner whose property had been taken away from him without his consent or knowledge, or to one who had done all that could reasonably be expected of him to prevent the prescribed use of his property. *Id.* at 689, 94 S.Ct. at 2094.

■ The present plaintiff alleges that he was a bona fide purchaser of the forfeited vehicles. This however, in and of itself, does not mandate that this Court depart from *Calero–Toledo*, regardless of how unfair the result may be. Since plaintiff *voluntarily* purchased the automobiles, this Court holds that as a matter of law, he falls within the class of property owners who may have exercised greater care in dealing with the forfeited property, just as the lessor of the yacht in *Calero–Toledo*. *See, e.g., U.S. v. One 1975 Pontiac Lemans, Etc.*, 621 F.2d 444 (1st Cir.1980); *U.S. v. Six Thousand Seven Hundred Dollars*, 615 F.2d 1 (1st Cir.1980).

Plaintiff does not dispute the fact that the vehicles were forfeited pursuant to 18 U.S.C. §§ 511 [6] and 512 [7] and were subsequently returned to their original owners. *See* Defendants' Exhibit A. Hence, summary judgment must be entered in defendants' favor as to plaintiff's First cause of action.

Plaintiff further argues that 28 C.F.R. § 8.6 [8] is unconstitutional as it deprives him of his property without due process of law. In light of *Calero–Toledo* this argument is clearly without any merit. Hence, plaintiff's Eighth cause of action must be dismissed.

### B. Claim against the Commonwealth of Puerto Rico

■ It is hornbook law that the Eleventh Amendment bars suit in federal court for damages against the Commonwealth of Puerto Rico by one of its citizens. *See Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Plaintiff attempts to get through this unpenetrable wall by arguing that the Commonwealth waived its immunity by enacting 32 L.P.R.A. § 3085. According to plaintiff, the Commonwealth, under said statute, *must* represent Commonwealth officials sued for civil rights violations and must also pay the judgments entered against them. Plaintiff's reading of the statute is careless, to say the least. The language of § 3085 clearly states that the defendant official *may* request the Commonwealth to take such action. This, the Court does not find to be a clear waiver of sovereign immunity as required by the Supreme Court. *See Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) ("In deciding whether a state has waived its constitutional protection under the Elev-

---

**5.** 24 L.P.R.A. § 2512(a)(4), (b).

**6.** This section makes it a crime to knowingly remove, obliterate, tamper or alter an identification number for a motor vehicle, or motor vehicle part.

**7.** This section provides: "if an identification number for a motor vehicle is removed, obliter-

ated, tampered with, or altered, such vehicle shall be subject to seizure and forfeiture to the United States ..."

**8.** This regulation provides that the F.B.I. has "quick release" authority to return a stolen vehicle to its original innocent owner in instances where the forfeiture proceedings are administrative in nature.

enth Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as leave no room for any other reasonable construction.'") Hence, plaintiff's Sixth Cause of Action must likewise be dismissed.

### C. Bivens and § 1983 Claim

■■■ A person has standing to assert a Fourth Amendment violation if said person has a legitimate expectation of privacy in the property that is subject to the search. *See United States v. Gómez,* 770 F.2d 251, 254 (1st Cir.1985). In the case at bar, plaintiff as a bona fide purchaser of the Mercedes Benzes has standing to allege that he had an expectation of privacy as to the subject-matter of the search. Thus, he has stated a cause of action under § 1983 and *Bivens* as to the agents' unlawful search and seizure of the automobiles.

■■ However, the Court's inquiry does not end here. Plaintiff's cause of action arose at the latest on November 1988. The accrual for § 1983 actions, and likewise *Bivens* actions, begins when the plaintiff knows or had reason to know of the injury which is the basis of his action. *Torres v. Superintendent of Police of Puerto Rico,* 893 F.2d 404, 407 (1st Cir.1990). Since § 1983 and *Bivens* actions are devoid of a specific limitations period, courts must borrow the state limitations period for personal tort actions—in this case, a period of one year as provided by Article 1868 of the Civil Code.[9] *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Since more than a year has lapsed since the accrual of plaintiff's cause of action, these actions can only have survived if the claim was somehow interrupted, hence tolled.

■■ Article 1873 of the Civil Code[10] provides that an action may be tolled by an extrajudicial claim brought by plaintiff. *Diaz De Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 474 (1980). Once the statutory period is interrupted it begins to run anew. *Id.* In the case at bar, plaintiff's attorney sent a letter to the Director of the F.B.I. on June 5, 1989, thereby tolling the statutory limitations period.[11] Since the complaint was filed more than a year after said date, the limitations period expired once again, thereby barring plaintiff from pursuing his causes of action.[12] Hence, plaintiff's Second, Third, Fifth and Seventh causes of action must also be dismissed.

### D. F.T.C.A. Claim

■ The Federal Tort Claims Act[13] provides the exclusive remedy for common-law tort claims against the United States. Although through this Act Congress waived the Government's sovereign immunity, it also listed several exceptions to this waiver in 28 U.S.C. § 2680. Of importance to the present controversy is subsection (c), which provides that the Act shall not apply to:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise *or any other law enforcement officer.* (emphasis added).

This Court holds that this section bars plaintiff from enforcing his claim against the Government. *See, e.g., United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds,* 726 F.2d 1481, 1491 (10th Cir.1984). Hence, plain-

---

**9.** 31 L.P.R.A. § 5298.

**10.** 31 L.P.R.A. § 5303.

**11.** Plaintiff's attorney further alleges at page 3 of "Plaintiff's Motion Opposing Motion to Dismiss" that plaintiff had several subsequent conversations with said defendant. This allegation however cannot be used to oppose a motion to dismiss. *See, e.g., López v. Corporación Azucarera de Puerto Rico,* 938 F.2d 1510, 1515–16 n. 11 (1st Cir.1991) (statements and argument of counsel in memorandum of law are not compe-

tent to support or oppose a motion for summary judgment).

**12.** Since plaintiff's causes of action are presently barred, the Court need not address the issues of as to which causes of action and as to which defendants was the original statutory period of limitations tolled by virtue the letter sent by plaintiff's attorney to the F.B.I. director. *See Rodríguez–Narváez v. Nazario,* 895 F.2d 38, 43 (1st Cir.1990).

**13.** 28 U.S.C. § 2671 *et seq.*

tiff's Fourth Cause of action must also be dismissed.

### E. Informer award claim

 A claimant to an informer's award pursuant to 19 U.S.C. § 1619 must first exhaust his administrative remedies before proceeding to federal district court. *See Lacy v. United States,* 607 F.2d 951, 953 (Cl.Ct.1979). In his complaint, plaintiff has not alleged that he exhausted his administrative remedies. However, even assuming that he indeed did so, this Court would still not be able to afford plaintiff any remedy. Section 1619 only provides an award to those who furnish the Government with *original information* which prompted the investigation. *Id.* In the case at bar, plaintiff's information was not original, as the investigation was underway when plaintiff furthered the information to the F.B.I. Hence, plaintiff's Ninth cause of action must also be dismissed.

### III. Conclusion

Summary judgment is GRANTED as to plaintiff's First cause of action in favor of defendants.

Plaintiff's remaining causes of action are hereby DISMISSED pursuant to Fed. R.Civ.P. 12(b)(6).

IT IS SO ORDERED.