Pedro Reyes NIEVES, Plaintiff,

v.

LT. C.R. NICKLIN, et al., Defendants.

Civ. No. 95–1057(PG).

United States District Court,
D. Puerto Rico.

Sept. 1, 1995.

Pedro Reyes Nieves, Milan, MI, pro se.

María Hortensia Ríos, Asst. U.S. Attorney, Hato Rey, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This is an action was brought against two correctional officers employed by the U.S. Bureau of Prisons at the Metropolitan Detention Center in Guaynabo ("MDC Guaynabo"), regarding a work strike or group demonstration that occurred on or about September 20, 1993. *See* complaint at pp. 1–2. Plaintiff Pedro Reyes Nieves ("Reyes–Nieves") seeks monetary damages under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See* complaint at pp. 1, 3.

According to the complaint, a work strike developed in September 1993 when some inmates refused to leave their watches, wedding bands and cigarettes at the institution. *Id.* at p. 2, ¶ 1; *see Cardona Del Toro v. United States,* 791 F.Supp. 43, 45 (D.P.R. 1992), *aff'd.,* 983 F.2d 1046 (1st Cir.1992) (citing *Berkovitz v. United States,* 486 U.S. 531, 540, 108 S.Ct. 1954, 1960–61, 100 L.Ed.2d 531 (1988) (for purposes of a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, plaintiff's factual allegations must be deemed as a true and accurate account of the facts of the case)). The inmates had been so instructed prior to leaving on their job assignments. *Id.*

Reyes–Nieves was charged with Encouraging a Group Demonstration and Encouraging

Others to Refuse to Work, and was assigned to the Special Housing Unit due to this incident. *Id.* at ¶¶ 3–4. He claims that the Incident Report on the work strike contained false information. *Id.* at ¶¶ 4–5. The charges were sustained by the Disciplinary Hearing Officer after holding a hearing. *Id.* at ¶ 7. Reyes–Nieves was sent on a disciplinary transfer to another BOP institution. *Id.* He denies participating in the work strike, and asserts that this was a personal vendetta of officers to deprive him of his Civil Rights. *Id.* at ¶¶ 9–10. Reyes–Nieves is currently assigned to the Federal Correctional Institution in Milan, Michigan. *Id.* at p. 3.

On July 28, 1995, a motion to dismiss was filed on behalf of the two correctional officers and the Bureau of Prisons. Defendants raise insufficiency of process and failure to state a claim upon which relief may be granted as bases for dismissal. Rule 12(b)(4), (b)(6) of the Fed.R.Civ.P. Although this Court has no evidence to the effect that plaintiff has perfected service on defendants, it is clear that Reyes–Nieves failed to comply with the jurisdictional one-year statute of limitations.

■ As pointed out in the motion to dismiss, the accrual for *Bivens* actions begins when a plaintiff knows, or had reason to know, of the injury which is the basis of his action. *Cardona Del Toro v. United States,* 791 F.Supp. at 47 (citing *Torres v. Superintendent of Police of Puerto Rico,* 893 F.2d 404, 407 (1st Cir.1990)). Since *Bivens* actions "are devoid of a specific limitations period, the courts must borrow the state limitations period for personal tort actions— in this case, a period of one year as provided by Article 1868 of the Civil Code." *Id.* (citing *Wilson v. García,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); *see also Altair Corporation v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir.1985).

■ The incident that resulted in plaintiff's assignment to the Special Housing Unit occurred on or about the September 20, 1993. *See* complaint at p. 2. According to the administrative documents submitted by defendants, a Disciplinary Hearing was held on September 29, 1993; it concluded on October 2, 1993. The Inmate Disciplinary Hearing

Report was delivered to Reyes–Nieves on October 19, 1993. Because of the September 20, 1993 incident, a disciplinary transfer was ordered. The complaint was not filed until January 19, 1995, more than a year after the date of the work strike incident that gives rise to this suit. Even if we take into account the date of the Disciplinary Hearing and that when the Report was delivered to plaintiff, the jurisdictional one-year term had expired by the time the complaint was filed.

Regarding the two officers identified in the complaint as defendants, Reyes–Nieves has been aware of their identity, if not from the date of the incident, then definitely from the date of the hearing and the issuance of the report in September/October 1993. Their names are mentioned in the Disciplinary Hearing Report.

■ In the complaint, Reyes–Nieves alleges that he pursued administrative remedies. *See* complaint at p. 1. Although this Court cannot ascertain whether he timely sought administrative review, to seek review of the Disciplinary Hearing Officer's decision sustaining the charges does not toll the time limit for suits seeking monetary damages against the individual officers. *McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1991).

The Supreme Court held in *McCarthy* that a federal prisoner need not resort to the internal grievance procedure promulgated by the Bureau of Prisons before he may initiate a *Bivens* suit for money damages. *Id.* at 142, 112 S.Ct. at 1085. The Bureau of Prison's administrative grievance procedure does not provide for the award of monetary damages for constitutional violations. *Id.* at 157, 112 S.Ct. at 1093. When seeking sizeable monetary relief—plaintiff seeks $1,400,000—, the administrative scheme furnishes no such remedy at all. *Id.*

■ In conclusion, Reyes–Nieves presents *Bivens*-type due process constitutional claims against two federal officers and the Bureau of Prisons. *Bivens*-type claims cannot be asserted against a federal agency, such as the Bureau of Prisons in the instant case. As to the two officers, plaintiff had to comply

with the applicable one-year statute of limitations to pursue a Civil Rights suit against them seeking monetary relief. Reyes–Nieves, however, filed his complaint after the statute of limitations had expired.

Moreover, it appears that Reyes–Nieves did not properly serve defendants. Also, no timely effort was made to inquire about the name of the unidentified officer mentioned in the caption of the complaint.

Based on the above, it is hereby ordered that the motion to dismiss filed by defendants is **GRANTED,** and this case be **DISMISSED.**

**IT IS SO ORDERED.**