[Cite as *State v. Jenkins*, 2013-Ohio-595.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 12CA10 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| CHRISTOPHER JENKINS, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **RELEASED 02/06/13** |

_____

<u>APPEARANCES:</u>

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Christopher Jenkins (hereinafter "Jenkins") appeals the judgment of the

Highland County Court of Common Pleas, which convicted him of various crimes.  On

appeal, Jenkins contends that his drug-related convictions are against the manifest

weight of the evidence.  Because the jury could have reasonably concluded that

Jenkins's guilt had been proven beyond a reasonable doubt, we disagree.  Accordingly,

we overrule Jenkins's assignment of error and affirm the judgment of the trial court.

I.

{¶2}     A Highland County Grand Jury indicted Jenkins for (1) illegal manufacture

of controlled substance, (2) assembly or possession of chemicals used to manufacture

controlled substance with intent to manufacture controlled substance, (3) assault on a

peace officer, and (4) endangering children.  Jenkins pled not guilty to all of the charges.

{¶3}    During Jenkins's jury trial, the state introduced evidence that had been submitted to the Ohio Bureau of Criminal Investigation (hereinafter "BCI") for testing.  A BCI forensic scientist testified that the evidence contained methamphetamine.

{¶4}    At the close of the state's evidence, Jenkins's trial counsel raised the following objection:

> [JENKINS'S TRIAL COUNSEL]: Your Honor, I'm going to object to all of the exhibits that were submitted to BCI * * * on the basis that [the BCI forensic scientist] testified that Stephanie Leach is the custodian of the exhibits at BCI * * *, she did not testify as to the chain of custody, he said that he turned them back to her, there was no testimony about that.  So, I believe that there is a rupture in the chain of custody.
>
> [THE STATE]: Well, I believe what he testified to is that [Stephanie Leach] is the in-take person and then they pick them up in a bin in the front office.  And chain of custody does not go to -- it goes to credibility, not admissibility.  So, I believe that the proper foundation has been laid for all of these exhibits.  He testified that they had not been tampered with, the seal was as it was when BCI received it and when

he was done with it he re-sealed it, initialed it, the whole nine yards.  So, I believe the proper foundation has been laid.

[JENKINS'S TRIAL COUNSEL]: Your Honor, chain of custody is required to show that there has been no pollution of any of the evidence[;] you must show chain of custody.  [A Greenfield police officer] was not on the witness list, however you allowed her to testify to chain of custody because it was on chain of custody only.  For Stephanie Leach[,] she isn't even here to testify to the chain of custody, so we don't know what happened.  The state's own witness testified that she would have been the person that had them.  And yet she was not here, she was not disclosed and she was not here to testify.  Therefore, I believe that there has been a breach in the chain of custody and this evidence can not be admitted.

THE COURT: Well, the testimony was that [the Chief of Police] took them to BCI, they were put in the plastic bag and they were sealed.  They were put, I don't recall if he said Miss Leach or not.  Then [the BCI forensic scientist] indicated that he received that bag sealed from the evidence bin.  Now, in other cases, and it was not really explained in this case, but in other cases, and I know from procedure, the in-take officers don't touch the stuff.  They give you the bag,

you seal it, you put it in there, they make the record of it, then the chemist or whoever comes to get it, they seal it and put it back, then the officers come back and pick it up, they don't actually touch it.  You know, it was a little bit vague here, but I think it is sufficient because it was sealed from [the Chief of Police], it was sealed to [the BCI forensic scientist] and it was sealed when it went back to the evidence room, it was sealed when it was picked up by [one Greenfield police officer], it was sealed when it was received by [another Greenfield police officer], and it was sealed until today --

[JENKINS'S TRIAL COUNSEL]: Your Honor.

THE COURT: Don't interrupt.  It was sealed until today.  So, your objection is overruled.  Transcript at 242-244.

{¶5}   Jenkins did not present any evidence in his own defense.

{¶6}   After the jury found Jenkins guilty of all of the charges, the trial court sentenced him accordingly.

{¶7}   Jenkins appeals and asserts the following assignment of error: "THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE CHAIN OF CUSTODY WAS BROKEN REGARDING THE EVIDENCE OF METHAMPHETAMINE."

II.

{¶8}    Under his sole assignment of error, Jenkins contends that his drug-related convictions are against the manifest weight of the evidence.

{¶9}    In a manifest-weight-of-the-evidence review, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), paragraph two of the syllabus; *accord State v. Smith*, 4th Dist. No. 06CA7, 2007-Ohio-502, ¶ 41.  We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Id.*, citing *State v. Garrow*, 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814 (4th Dist.1995); *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  But "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶10}   Jenkins bases his manifest-weight argument *solely* on the chain-of-custody issue discussed in Section I of this opinion.  "Any breaks in the chain of custody go to the weight afforded to the evidence, not to its admissibility." *State v. Smith*, 8th Dist. No. 96348, 2011-Ohio-6466, ¶ 37; *accord State v. Corder*, 2012-Ohio-1995, 969 N.E.2d 787, ¶ 9 (4th Dist.).  With this in mind, Jenkins makes the following argument:

> In this case, the jury never had the opportunity to weigh
>
> whether the break in the chain of custody was of sufficient

weight to cast doubt on the evidence. The jury simply heard testimony that a bottle and a measuring cup had been seized, tested, and that the test results showed methamphetamine. They were never aware that there was a break in the chain of custody nor were they even aware that this was a factor to be weighed. This deprived Jenkins of a fair trial by jury. Brief of Appellant at 7.

Essentially, Jenkins argues that "[t]he judge should have informed the jury of the break and allowed the jury to weigh that on its own merits." *Id.*

**{¶11}** We disagree with the crux of Jenkins's argument. It was not the trial court's responsibility to inform the jury about the supposed break in the chain of custody. That responsibility fell upon Jenkins's trial counsel, who could have challenged the credibility of the state's evidence while (1) cross-examining the state's witnesses, (2) presenting the defense's case in chief, or (3) making the closing argument. But for whatever reason, Jenkins's trial counsel did not make the jury aware of the chain-of-custody issue that is the subject of this appeal.

**{¶12}** Therefore, after reviewing the evidence that was actually before the jury, we find the following: There is substantial evidence upon which the jury could have reasonably concluded that the drug-related offenses had been proven beyond a reasonable doubt. As a result, we overrule Jenkins's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Harsha, J.:  Concur in Judgment & Opinion.


For the Court


BY: _____
        Roger L. Kline, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**