[Cite as *State v. Derricoatte*, 2013-Ohio-3774.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2012-A-0038** |
| - vs - | : | |
| ERIC D. DERRICOATTE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2005 CR 156.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward M. Heindel*, 450 Standard Building, 1370 Ontario Street, Cleveland, OH 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from a final order in a criminal action before the Ashtabula County Court of Common Pleas. Appellant, Erie D. Derricoatte, contests the trial court's decision to deny his post-sentencing motion to withdraw his guilty plea to one charge of trafficking in cocaine. Essentially, he contends that his motion to withdraw should have been granted because his factual allegations were sufficient to demonstrate that he was denied effective assistance of trial counsel prior to entering the guilty plea.

{¶2}   In July 2005, appellant was indicted on the following counts: (1) trafficking in cocaine within the vicinity of a school, a third-degree felony under R.C. 2925.03; (2) possession of cocaine, a fifth-degree felony under R.C. 2925.11; and (3) permitting drug abuse, a fifth-degree felony under R.C. 2925.13.  The charges were predicated upon an incident in which appellant was present in his brother's home when it was the subject of a police raid.  During the ensuing search of appellant's person, the police discovered a package of cocaine.

{¶3}   Initially, appellant entered a not guilty plea to all three charges.  While the case was pending, he asked his trial counsel whether there were any viable grounds for moving to suppress the incriminating evidence.  According to appellant, counsel replied that such a motion would be of no benefit to him because he was arrested with cocaine in his possession.

{¶4}   In December 2005, appellant and trial counsel negotiated a plea bargain with the state.  Pursuant to its terms, the state amended the first count of the indictment to the lesser-included offense of trafficking in cocaine, a fourth-degree felony under R.C. 2925.03.  Appellant then entered a guilty plea to the amended charge, and the other two counts in the indictment were dismissed.

{¶5}   During the oral hearing on the guilty plea, appellant stated that he still did not believe that he had committed the offense of trafficking in cocaine.  Therefore, it was agreed that appellant's admission of guilt would be deemed an Alford plea.  At the close of the proceeding, the trial court accepted the Alford plea and found appellant guilty of the amended charge.  Sentencing was then deferred until a presentencing investigation report could be produced.

{¶6} During the interim period, appellant was told that a motion to suppress had been granted in his brother's separate criminal action, thereby resulting in the dismissal of all charges against the brother. In light of this development, appellant asked his trial counsel whether he should move to withdraw his guilty plea on the grounds that he was entitled to the same relief as his brother. According to appellant, counsel indicated that it was too late to seek any relief because he had already entered the guilty plea.

{¶7} After the presentencing report was submitted in March 2006, the trial court sentenced appellant to two years of community control. Approximately 18 months later, appellant was accused of violating the terms of his community control. Following a new hearing in which appellant admitted the violations, the trial court terminated the community control and ordered him to serve a prison term of 15 months. No further proceedings were held in the underlying case while appellant was incarcerated.

{¶8} In May 2012, appellant filed a pro se motion to withdraw his guilty plea on the basis that he had been denied effective assistance of trial counsel. First, he argued that his plea was not made voluntarily because his counsel gave him improper advice as to the viability of a motion to suppress. Second, he asserted that his counsel's advice concerning the viability of a motion to withdraw the plea prior to sentencing was legally incorrect in light of the fact that the charges against his brother were dismissed. As the sole evidentiary material supporting his arguments, appellant attached his own affidavit to the motion.

{¶9} In its separate judgment overruling the motion to withdraw, the trial court emphasized that the materials in the record, such as appellant's written plea, supported the conclusion that his plea was made voluntarily. The court also held that appellant's

affidavit was not entitled to significant weight because it was self-serving. Additionally, the court noted that appellant did not provide any explanation as to why he had waited approximately six years to move to withdraw the plea.

{¶10} In appealing the foregoing decision, appellant has raised the following two assignments for review:

{¶11} "[1.] The trial court erred when it denied [appellant's] post-sentence motion to withdraw his Alford guilty plea.

{¶12} "[2.] Defendant-appellant's Sixth Amendment right to counsel was violated in that his trial counsel was ineffective."

{¶13} Under his first assignment, appellant challenges the legal propriety of the procedure employed by the trial court during the hearing on his guilty plea in December 2005. He maintains that, since he was still contesting his guilt under an Alford plea, the trial court had an additional obligation to ensure that he was only pleading guilty to the amended charge in order to avoid a conviction on the greater offense and a longer jail term. Appellant contends that, because the trial court failed to engage in the necessary colloquy with him, his plea was not made voluntarily, thereby entitling him to withdraw the plea at any time.

{¶14} Despite the fact that appellant predicates his entire first assignment on the foregoing argument, the trial record shows that this argument was never asserted in his motion to withdraw the plea. Appellant's entire motion was based on the contention that his guilty plea had been involuntarily because his trial counsel had given him incorrect advice regarding whether he should pursue a motion to suppress. Accordingly, the trial court was not afforded a proper opportunity to address the merits of appellant's "Alford"

4

argument.

{¶15} When a defendant fails to raise a specific argument in a post-sentencing motion to withdraw a guilty plea, he waives that argument for purposes of appeal. *State v. Nelson*, 10th Dist. Franklin No. 11AP-720, 2012-Ohio-1918, ¶20; *State v. Robinson*, 11th Dist. Lake No. 2011-L-145, 2012-Ohio-5824, ¶17. Hence, since appellant's first assignment does not state a viable reason for reversing the trial court's ruling, it is without merit.

{¶16} Under his second assignment, appellant submits that the trial court erred in denying his motion to withdraw because the assertions in his affidavit were sufficient to establish that he was denied effective assistance of trial counsel. He contends that if his trial counsel had properly informed him that he could assert a meritorious motion to suppress, he never would have entered into the plea bargain. According to appellant, since his brother was able to obtain the suppression of all evidence seized during the search, he would have been entitled to the same relief.

{¶17} In asserting this argument at the trial level, appellant did not provide a full explanation of the basis of his brother's motion to suppress. Instead, he only asserted that the search of his brother's residence was predicated upon an invalid warrant.

{¶18} Crim.R. 32.1 generally provides that a motion to withdraw a guilty plea can only be brought prior to the imposition of sentence. However, the rule does recognize one exception: "* * * to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This court has defined the term "manifest injustice" as a "clear or openly unjust act." *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. Pursuant to this

5

standard, extraordinary circumstances must exist before the granting of a post-sentencing motion to withdraw can be justified. *Id.* "The rationale for this high standard is 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe.'" *Robinson*, 2012-Ohio-5824, at ¶14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶19} In applying the "manifest injustice" standard when the motion to withdraw is based on a claim of ineffective assistance, this court has stated:

{¶20} "A properly licensed attorney is presumed to have rendered effective assistance to a defendant. *State v. Smith* (1985), 17 Ohio St.3d 98, 100, * * *. In the context of a guilty plea, the standard of review for ineffective assistance of counsel is whether: (1) counsel's performance was deficient; and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty. [*State v. Madeline*, 11th Dist. No. 2000-T-0156, 2002 Ohio App. LEXIS 1348], at *9-*10, citing *Hill v. Lockhart* (1985), 474 U.S. 52, * * *. The burden of proving ineffective assistance of counsel falls upon the defendant. *Madeline*, supra.

{¶21} "'The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between the guilty plea and the ineffective assistance.' (Emphasis sic.) Id., citing [*State v. Sopjack* (Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572], at *11, * * *. 'Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily.' *Madeline*, supra." *State v. Delmanzo*, 11th Dist.

6

Lake No. 2009-L-167, 2010-Ohio-3555, ¶33-34.

**{¶22}** In this case, appellant's claim of ineffective assistance stemmed from trial counsel's refusal to file a motion to suppress on his behalf. In maintaining that such a motion would have been granted, and thus resulted in the dismissal of all three charges against him, appellant primarily relied upon the fact that his brother had prevailed on a motion to suppress in his separate criminal proceeding. As to the factual basis for such a motion, appellant's motion to withdraw merely asserted that the packet of cocaine was discovered on his person during a general search of his brother's residence.

**{¶23}** Pursuant to the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution, an individual has the right to be free from unreasonable searches and seizures. While not expressly stated in either constitutional provision, this general right is enforced through the operation of the exclusionary rule, which requires the suppression of any illegally-obtained evidence. *State v. Wallen*, 3rd Dist. Marion No. 9-09-22, 2010-Ohio-480, ¶16, citing *Mapp v. Ohio*, 367 U.S. 643, 649 (1961).

**{¶24}** To the extent that a person's Fourth Amendment right cannot be invoked vicariously by a third party, it is deemed a personal right. *State v. Nevins*, 2nd Dist. Montgomery No. 24070, 2011-Ohio-389, ¶16, quoting *State v. Glover*, 2nd Dist. No. 20692, 2005-Ohio-4509, ¶9. Thus, in order for a person to have the capacity to seek the protection of the Fourth Amendment, he must have a legitimate expectation of privacy in the place where the search or seizure occurred. *State v. Hoang*, 9th Dist. No. 11CA0013-M, 2012-Ohio-3741, ¶39, quoting *Minnesota v. Olson*, 495 U.S. 91, 95 (1990). Under Ohio law, if an individual has such a legitimate expectation, he is

7

deemed to have "standing" to contest the legality of the search or seizure. *Id.* at fn. 1, citing *State v. Williams*, 73 Ohio St.3d 153, 166 (1995).

{¶25} In *Williams*, the defendant argued that he could contest the police's execution of a search warrant for an apartment simply because there was a legitimate reason for his prior presence on the premises. In rejecting this argument and holding that the defendant lacked standing to move to suppress the evidence obtained during the search, the Supreme Court followed the "reasonable expectation of privacy" rule. *Williams*, 73 Ohio St.3d at 166-167. Therefore, appellant could only challenge the validity of the search warrant for his brother's residence if he had a distinct expectation of privacy at that location.

{¶26} In moving to suppress evidence in a criminal action, the defendant has the burden of proving the existence of the legitimate expectation of privacy. *State v. Smith*, 8th Dist. Cuyahoga No. 96348, 2011-Ohio-6466, ¶16, citing *Rakas v. Illinois*, 439 U.S. 128 (1978). To carry this burden, the defendant must show that his expectation is reasonable in the eyes of society. *Id.* The determination of whether a reasonable expectation exists in a given situation usually turns upon a review of the following factors: "(1) ownership; (2) possession and/or control; (3) historical use of the property; (4) ability to regulate access; (5) subjective anticipation of privacy; (6) objective reasonableness of that anticipation; and (7) the totality of the circumstances." *State v. Finnell*, 115 Ohio App.3d 583, 588 (1st Dist. 1996), citing *United States v. Gomez*, 770 F.2d 251, 254 (C.A.1, 1985).

{¶27} In applying the foregoing standard, the Supreme Court of Ohio has held that an overnight guest in a residence has standing to contest the propriety of a search

8

because he would have a reasonable expectation of privacy. *State v. Dennis*, 79 Ohio St.3d 421, 426 (1997), citing *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990). However, standing would not exist when the defendant was not residing in the home or was not intending to spend the night. *Id.* In other words, a mere temporary social guest would not have standing because no reasonable expectation of privacy exists. *Nevins*, 2011-Ohio-389, at ¶34.

{¶28} In this case, the factual allegations in appellant's motion to withdraw and accompanying affidavit were insufficient to prove that he would have had a reasonable expectation of privacy in his brother's residence. Appellant never asserted that he also lived in the residence, or that he was spending the night with his brother on this specific occasion. Instead, he only stated that he was present in the residence when the police raid took place. Even when construed in appellant's favor, his allegations only tended to indicate that he was a temporary social guest at his brother's home

{¶29} Given that appellant lacked standing to challenge the legality of the search of his brother's residence, he would not have prevailed on a motion to suppress for the reasons his brother prevailed. Moreover, appellant does not argue before this court that his motion to withdraw his guilty plea should have been granted due to the failure to file a motion to suppress the cocaine found on his person. As a result, the performance of his trial counsel was not deficient in any respect, and trial counsel's refusal to submit a motion to suppress did not adversely affect the outcome of the case. That is, counsel's performance had no effect upon appellant's ability to enter a valid guilty plea.

{¶30} In turn, since appellant's allegations were insufficient to support a claim of ineffective assistance of counsel, no manifest injustice was shown. Therefore, the trial

9

court acted within the scope of its sound discretion in denying appellant's post-sentence motion to withdraw his guilty plea. For this reason, his second assignment of error is also without merit.

{¶31} Pursuant to the foregoing, neither of appellant's two assignments are well-taken. Therefore, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with Concurring and Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with Concurring and Dissenting Opinion.

{¶32} I agree with the majority's opinion that the record does not support a claim for ineffective assistance of counsel, and that the second assignment of error lacks merit. I respectfully dissent regarding its disposition of the first assignment of error. I would reverse and remand, so appellant could withdraw his previously entered Alford plea, on the basis of manifest injustice as set forth in *Wilfong, supra*. The grounds set forth therein for applying Crim.R. 32.1 have been met in this case.

{¶33} In rejecting appellant's first assignment of error, the majority only cites to cases concerning guilty pleas, where the defendant has admitted some culpability. An Alford plea is very different: the defendant basically maintains and asserts his innocence. In this case, appellant entered his plea based on evidence seized during

10

the search of his brother's residence. Both appellant and his brother were charged, but separately. His brother challenged the constitutionality of the search and seizure by a motion to suppress, and was successful. No motion to suppress was filed in appellant's case, and his plea was premised on this search and seizure which had been deemed unconstitutional.

{¶34} This is an extraordinary circumstance as contemplated by the rule which satisfies the manifest injustice standard. This is the exact scenario that was envisioned when Crim.R. 32.1 was drafted and adopted. The majority's conclusion that the suppression of evidence in the companion case bears no relevance to the Alford plea and conviction in this case in my humble opinion is misplaced. The fruit of the poisonous tree is just that, and applies to the evidence as being inadmissible, and is applicable to all persons affected by the unconstitutional search of the brother's home.

{¶35} In the event this information had been presented prior to the plea hearing, the trial court would have had to recognize the fact that relevant evidence had been suppressed, or at least hold a hearing on the matter. Furthermore the defendant might not have submitted his Alford plea but gone to trial, or insisted his counsel file a motion to suppress.

{¶36} Appellant has espoused his innocence by entering an Alford plea, but has been found guilty based upon the paucity of this record, and illegally seized evidence, the importance of which he had no knowledge of at the time. A conviction based upon inadmissible, unconstitutionally obtained evidence cannot be sustained. Clearly appellant was entitled to have the issue of the suppression of illegal evidence argued, explored, and decided so that he had all the facts upon which to enter a knowing and

11

voluntary plea. This is a legitimate reason to grant a motion under Crim.R. 32.1 and what appears to be a manifest miscarriage of justice. Clearly the record does not reflect a knowing and voluntary Alford plea to a crime, the proof of which arguably is based upon unconstitutionally seized evidence.

{¶37} I would reverse this matter on the first assignment of error.

{¶38} Thus, I concur in part and dissent in part.