[Cite as *State v. O'Meara*, 2024-Ohio-2602.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0098 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ZACHARY O'MEARA, | Trial Court No. 2022 CR 00634 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: July 8, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Zachary O'Meara ("Mr. O'Meara"), appeals from the judgment of the Trumbull County Court of Common Pleas sentencing him to an aggregate prison term of four to six years and an aggregate fine of $30,000 following his no contest pleas to three counts of possession of cocaine, one count of possession of a fentanyl-related compound, and accompanying forfeiture specifications.

{¶2} Mr. O'Meara raises two assignments of error, contending (1) the trial court abused its discretion by denying his presentence motion to withdraw his no contest pleas;

and (2) he received ineffective assistance of trial counsel due to the fact that he entered his no contest pleas without a ruling on his motion to suppress.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) There is no basis upon which to conclude that the trial court abused its discretion in denying Mr. O'Meara's motion. Mr. O'Meara relies on an argument that he raises for the first time on appeal; thus, it is waived.

{¶5} (2) Mr. O'Meara's no contest pleas waived any prejudice resulting from his trial counsel's alleged ineffective assistance. In addition, there is nothing in the record establishing deficient performance or resulting prejudice based on the fact Mr. O'Meara entered his no contest pleas without a ruling on his motion to suppress.

{¶6} Thus, Mr. O'Meara's assignments of error are without merit, and we affirm the judgment of the Trumbull County Court of Common Pleas.

**Substantive and Procedural History**

{¶7} In 2022, the Trumbull County Grand Jury filed a secret indictment charging Mr. O'Meara with seven felonies: four counts of possession of cocaine, first-degree felonies, in violation of R.C. 2941.1417(A) and (C)(4)(f) (counts 1, 3, 5, and 6); aggravated possession of drugs (MDMA), a third-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(b) (count 2); aggravated possession of drugs (psilocin), a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a) (count 4); and possession of a fentanyl-related compound, a first-degree felony, in violation of R.C. 2925.11(A) and (C)(11)(f) (count 7). All counts included a forfeiture specification pursuant to R.C. 2941.1417(A), 2981.02(A)(1)(b) and/or (c)(i), and 2981.04.

2

{¶8} Mr. O'Meara pleaded not guilty and was appointed counsel. Mr. O'Meara filed a motion to suppress all evidence the Howland Police Department seized from his residence pursuant to an allegedly "faulty" search warrant. The trial court held a suppression hearing, and both sides filed post-hearing briefs.

{¶9} A few months later, prior to the trial court issuing a ruling on the motion to suppress, Mr. O'Meara entered into a written plea agreement in which he agreed to plead no contest to three counts of possession of cocaine, second-degree felonies (amended counts 1, 5, and 6), possession of a fentanyl-related compound, a second-degree felony (amended count 7), and their accompanying forfeiture specifications in exchange for the state's agreement to dismiss the remaining counts. The trial court held a change of plea hearing and engaged in a plea colloquy with Mr. O'Meara pursuant to Crim.R. 11. Following the colloquy, Mr. O'Meara entered no contest pleas to the amended counts. As a factual basis, the state indicated as follows:

{¶10} "Had the matter proceeded to trial, the State would have proven beyond a reasonable doubt that on or about the 8th day of September, 2021, on Blue Winged Drive, in Warren, Trumbull County, Ohio, the Howland Police Department entered that home as a welfare check.

{¶11} "When officers arrived, they recovered less than 27 grams of cocaine in three separate locations, as well as less than 27 grams of fentanyl and a semiautomatic gun with ammunition. The defendant was Mirandized and admitted that the drugs were his.

3

{¶12} "The State would have introduced the testimony of Howland Police Department, representatives from the TAG Task Force and the federal and state - - federal laboratory and introduced the drugs and lab reports as evidence."

{¶13} Defense counsel confirmed his understanding of the state's case against Mr. O'Meara. The trial court found that there was a factual basis for Mr. O'Meara's pleas, that O'Meara was advised of his constitutional rights, and that he understood and waived them. It accepted Mr. O'Meara's no contest pleas, found him guilty, ordered a presentence investigation, and set the matter for sentencing.

{¶14} Mr. O'Meara failed to appear for sentencing, and the trial court issued a warrant for his arrest. Mr. O'Meara was arrested two weeks later. Mr. O'Meara's appointed counsel filed a motion to withdraw, stating that "the attorney-client relationship has been irreparably damaged." The trial court granted the motion and appointed new counsel.

{¶15} New defense counsel filed several motions, including a motion to withdraw Mr. O'Meara's no contest pleas. As grounds, the motion stated, "upon further review, it was determined that previously unknown defenses were available, which may determine the outcome of this matter, including that the Defendant's plea was not a knowing, intelligent and voluntary waiver of his rights."

{¶16} The trial court held a hearing on Mr. O'Meara's motion. Defense counsel contended that "[t]he basis of [Mr. O'Meara's] motion is that he feels that he was under tremendous pressure to accept the plea and that there were issues and concerns that he had that he believed were not adequately addressed by his counsel at the time prior to

4

him entering the plea. And he's had remorse and second thoughts about it since doing so."

{¶17} The trial court overruled Mr. O'Meara's motion, stating that at the plea hearing, it had reviewed Mr. O'Meara's rights "in a timely fashion," and Mr. O'Meara had "responded in the appropriate manner." The court concluded, "[i]t appears that [Mr. O'Meara] . . . has second thoughts about going to prison because prison is mandatory in this case," and "[t]hat's why he absconded before his initial sentencing."

{¶18} The matter proceeded to sentencing. The trial court sentenced Mr. O'Meara to an indefinite prison term of four to six years on amended count 1 and prison terms of four years each on amended counts 5, 6, and 7, to be served concurrently, for an aggregate prison term of four to six years. The trial court also ordered Mr. O'Meara to pay a fine of $7,500 on each count, for an aggregate fine of $30,000. The trial court filed a judgment entry memorializing Mr. O'Meara's convictions.

{¶19} Mr. O'Meara appealed and raises the following two assignment of error:

{¶20} "[1.] The trial court erred and abused its discretion by denying appellant's motion to withdraw his no contest pleas.

{¶21} "[2.] Appellant received ineffective assistance of trial counsel in violation of his constitutional rights in that regard."

### Motion to Withdraw Pleas

{¶22} In his first assignment of error, Mr. O'Meara contends that the trial court abused its discretion by denying his presentence motion to withdraw his no contest pleas.

{¶23} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice

5

Case No. 2023-T-0098

the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶24} The Supreme Court of Ohio has held that "'[a] presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Barnes*, 2022-Ohio-4486, ¶ 13, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing." *Id.*, quoting *Xie* at paragraph one of the syllabus. "Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea." *Id.* "The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is 'within the sound discretion of the trial court.'" *Id.*, quoting *Xie* at paragraph two of the syllabus. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." *Barnes* at ¶ 13.[1]

{¶25} On appeal, Mr. O'Meara contends that the trial court should have granted his motion because he received ineffective assistance of trial counsel. In particular, he points to the fact that he entered his no contest pleas without the trial court ever having ruled on his motion to suppress. However, Mr. O'Meara did not raise this specific

---

1. This court and our sister districts have historically applied a series of factors to evaluate a trial court's decision on a presentence motion to withdraw a plea. *See Barnes* at ¶ 33 (Brunner, J., concurring). In *Barnes*, however, the Supreme Court of Ohio emphasized that the considerations in *Xie* are determinative. *See id.* at ¶ 21 ("We begin by repeating what this court established three decades ago in *Xie* . . .").

Case No. 2023-T-0098

argument below; thus, the trial court was not afforded an opportunity to address it. When a defendant fails to raise a specific argument in a motion to withdraw a plea, he waives that argument for purposes of appeal. *State v. Derricoatte*, 2013-Ohio-3774, ¶ 15 (11th Dist.). Although *Derricoatte* involved a post-sentence motion, the same basic principle of appellate law applies. Accordingly, there is no basis upon which to conclude that the trial court abused its discretion.

{¶26} Mr. O'Meara's first assignment of error is without merit.

### Ineffective Assistance of Counsel

{¶27} In his second assignment of error, Mr. O'Meara contends he received ineffective assistance of trial counsel.

{¶28} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶29} This court has held that a no contest plea waives any prejudice a defendant suffers arising out of his counsel's alleged ineffective assistance, except with respect to a claim that the particular failure alleged impaired the defendant's knowing and intelligent

7

waiver of his or her right to a trial. *State v. Armstrong*, 2017-Ohio-625, ¶ 14 (11th Dist.). Generally, a plea is deemed to have been entered knowingly and voluntarily if the record demonstrates the trial court complied with Crim.R. 11(C). *State v. Erich*, 2017-Ohio-8528, ¶ 20 (11th Dist.).

**{¶30}** Mr. O'Meara does not contend on appeal that his trial counsel's deficient performance impaired his knowing and intelligent waiver of his rights. Rather, as stated, Mr. O'Meara's ineffective assistance claim is based on the fact that he entered his pleas without a ruling on his motion to suppress.

**{¶31}** In any event, there is nothing in the record establishing deficient performance or resulting prejudice based on the foregoing. It is unknown why Mr. O'Meara entered his pleas when he did. It is also unknown whether his motion to suppress would have been successful. The hearing transcript demonstrates the parties presented conflicting witness testimony regarding the circumstances of the police's search. Thus, the trial court necessarily would have been required to determine witness credibility.

**{¶32}** Mr. O'Meara's second assignment of error is without merit.

**{¶33}** For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

8

Case No. 2023-T-0098